

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2006

# Hardiono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hardiono v. Atty Gen USA" (2006). *2006 Decisions.* Paper 347.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/347

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2647

LAMIRAN HARDIONO,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Miriam K. Mills
(No. A96-264-137)

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE and AMBRO, Circuit Judges
and RESTANI,* Chief Judge

(Opinion filed October 6, 2006)

OPINION

---

  *Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,
sitting by designation.

AMBRO, <u>Circuit Judge</u>

Lamiran Hardiono petitions for review of an order issued by the Board of Immigration Appeals ("BIA") affirming the denial of his applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We have jurisdiction to consider this petition for review under Section 242(b) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1252(b). For the reasons set forth below, we deny the petition.

I.

We highlight only those facts that are pertinent to our analysis. Hardiono, a Christian, is a native and citizen of Indonesia. He came to the United States as a non-immigrant visitor on February 26, 2000, and was authorized to stay until August 25, 2000. However, he overstayed his visa and was charged with removal under 8 U.S.C. § 1227(a)(1)(B). Hardiono conceded the charge of removal and proceeded to apply for asylum, withholding of removal, and protection under the CAT; in the alternative, he requested voluntary departure. Hardiono asserted in an affidavit attached to his applications, as well as in oral testimony, that he feared persecution in Indonesia because of his religion; however, there were significant differences in his accounts of prior harm suffered in Indonesia.

The immigration judge ("IJ") who considered Hardiono's applications concluded that he was ineligible for asylum because his petition was filed well after the one-year

2

limitations period and failed to provide any reasonable explanation for this delay. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (governing time limitation for asylum claims). In addition, the IJ found that Hardiono had not demonstrated a well-founded fear of future persecution, because his testimony was not credible and he failed to present objective evidence of harm due to his religion. As a result, the IJ concluded that Hardiono's lack of credibility and absence of other evidence defeated as well his withholding of removal and CAT claims. *See* 8 U.S.C. § 1231(b)(3)(A) (governing withholding of removal claims); 8 C.F.R. §§ 208.16, 208.18 (governing CAT claims). The IJ granted Hardiono voluntary departure, despite her determination that Hardiono lacked credibility.

Hardiono appealed the IJ's decision with respect to his asylum, withholding of removal, and CAT claims. The BIA affirmed the IJ's decision and dismissed Hardiono's appeal. In doing so, the BIA agreed that Hardiono's asylum application was untimely, that he had not demonstrated the existence of extraordinary circumstances preventing compliance with the one-year limitations period, and that he had not established that he would be persecuted or tortured if he returned to Indonesia. The BIA reaffirmed the IJ's order permitting Hardiono voluntary departure. Hardiono timely seeks our review.

## II.

Under 8 U.S.C. § 1158(a), we do not have jurisdiction to review the IJ's determination that Hardiono's asylum claim was not filed within the one-year limitations period, nor can we review a judgment that the period was not tolled by extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir.

3

2003).

We do have jurisdiction to review the IJ's decision to deny Hardiono's petitions for withholding of removal and CAT relief. Where the BIA "adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Where, as here, the IJ concludes that the petitioner is not credible, we review this determination "for substantial evidence." *Id.* Under this standard, "we must uphold an adverse credibility determination unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

Adverse credibility determinations must be "appropriately based on inconsistent statements, contradictory evidenc[e], and inherently improbable testimony . . . in view of the background evidence on country conditions." *Chen*, 376 F.3d at 223 (internal quotation marks and citations omitted). Here, Hardiono's written affidavit and oral testimony regarding alleged religious persecution in Indonesia were plagued by significant differences. In addition, Hardiono was unable to explain these inconsistencies. He also failed to account for the lack of corroboration from his Christian family members who remain in Indonesia and who supposedly experienced religious attacks alongside him. As a result, we hold that there was substantial evidence to find that Hardiono's testimony was not credible, and therefore that he did not have a well-founded fear of future persecution or torture.

* * * * *

4

Accordingly, we deny Hardiono's petition for review. We do not disturb the grant of voluntary departure ordered by the IJ and reaffirmed by the BIA.